UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ROODY GELIN and NEVADA POSLEY,                          **Docket No.:**
each on behalf of himself, FLSA Collective Plaintiffs,
and the Class,

                      *Plaintiff*s,

                                            **CLASS AND COLLECTIVE**

    -against-                                  **ACTION COMPLAINT**

HOME/LIFE SERVICES, INC.,               **PLAINTIFFS HEREBY**
                                                 **DEMAND A JURY TRIAL**

                   *Defendant.*

-------------------------------------------------------------------X

      Plaintiffs, ROODY GELIN and NEVADA POSLEY, each on behalf of himself and others similarly situated, as and for their Complaint, respectfully allege, all upon information and belief, as follows:

## INTRODUCTION

      1.     Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C.§§ 201 *et seq.* ("FLSA"), that they are entitled to recover from Defendant: (1) failure to pay minimum wages, (2) liquidated damages and (3) attorneys' fees and costs.

      2.     Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendant: (1) failure to pay minimum wages, (2) statutory penalties, (3) liquidated damages, (4) attorneys' fees and costs and (5) interest accrued on said amounts as provided by law.

      3.     Plaintiffs also seek, on behalf of themselves only, an award of damages for retaliation, based on the unlawful termination of each of them on February 26, 2019, after they asserted their right to be paid a lawful minimum wage.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 1337 and 1343, in that certain of the Plaintiff's claims arise under the laws of the United States, namely the FLSA, and supplemental jurisdiction over the remainder of Plaintiff's claims under New York State Labor Law, §§1 *et seq.*, pursuant to 28 U.S.C. §1367.

4.      Venue is proper under 42 U.S.C §2000e-5(f)(3) and 28 U.S.C §1391(b) because some of the events or omissions giving rise to the claims herein occurred in the Southern District of New York and the Defendants do business in this District.

## IDENTITY OF THE PARTIES

5.      At all relevant times mentioned herein, Plaintiff Roody Gelin ("Gelin") was employed by Defendant Home/Life Services, Inc., since January 2018.

6.      At all relevant times mentioned herein, Plaintiff Nevada Posley ("Posley") was employed by Defendant Home/Life Services, Inc., since February 2017.

7.      At all relevant times mentioned herein, Defendant Home/Life Services, Inc. ("Home/Life") was and is a not-for-profit corporation duly organized and existing under the laws of the State of New York and does business in City and State of New York, including Bronx County, where Gelin and Posley worked.

## BACKGROUND RELEVANT TO ALL CAUSES OF ACTION

8.      At all relevant times, the work performed by Gelin, Posley, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendant.

9.      At all relevant times, Defendant was and continues to be "engaged in commerce" within the meaning of the FLSA, as Defendant operates homeless shelters in the City of New York.

10.     At all relevant times, Defendant knowingly failed to pay Gelin, Posley, FLSA Collective Plaintiffs and Class members their lawfully earned wages at or above the minimum wage in direct contravention of the FLSA and New York Labor Law.

11.      Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Gelin and Posley bring this claim for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all porters, maintenance workers and security guards employed by Defendant on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.     At all relevant times, Gelin, Posley and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and

3

are and have been subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines and rules, all culminating in Defendant's willful failure and refusal to pay them at least the lawful minimum wage.

14.     The claims of Gelin and Posley stated herein are essentially the same as those of other FLSA Collective Plaintiffs, as specifically, Gelin and FLSA Collective Plaintiffs claim that Defendant willfully violated Gelin's and FLSA Collective Plaintiffs' rights by failing to pay the lawful minimum wage rate for the amount for hours worked.

15.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. §216(b), as the FLSA Collective Plaintiffs are readily ascertainable and, for the purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant and notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

**RULE 23 CLASS ALLEGATIONS - NEW YORK**

16.     Gelin and Posley bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of porters, maintenance workers and security guards employed by Defendant on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17.     All said persons, including Gelin and Posley, are referred to herein as the "Class" and all said Class members are readily ascertainable, as the number and identity of the Class members, as well as the hours assigned and worked, position held, and rate of pay for each Class member is determinable from the records of Defendant, and, for purposes of notice and other purposes related to this action, the names and addresses of the Class members are readily available from Defendants and notice can be provided by means permissible under F.R.C.P. 23.

18.     The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

19.     Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendant, and there is no doubt that there are more than forty (40) members of the Class.

20.     Gelin and Posley's claims are typical of claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would otherwise be sought by each member of the Class in separate actions, as all members of the Class were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay statutory minimum wages.

21.     Gelin and Posley are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class, in that they are represented by attorneys who are experienced in employment litigation and have previously represented plaintiffs in wage and hour

cases.

22.     Class action is superior to other available methods for the fair and efficient adjudication of the controversy at issue, particularly in the context of the wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants, as class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expense that numerous individual actions engender, as losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

23.     Additionally, important public interests will be served by addressing the matter as a class action, as the adjudication of individual claims would result in great expenditure of Court and public resources and would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, as individual adjudication could establish incompatible standards of conduct for Defendant and resulting in the impairment of Class members' rights and/or the disposition of their interests through actions to which they were not parties, however, treating the claims as a class action would result in significant saving of these Court and public costs, and permit the Class members to receive a common, class-wide decision on the merits, and, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action

as a class action.

24.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.     What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the payment of wages;

    b.     Whether Defendant paid the lawful federal and state minimum wage to the Class members for all hours worked;

    c.     Whether Defendant provided proper wage and hour notice, at date of hiring and annually thereafter, to all non-exempt employees per requirement of the New York Labor Law (and, if notified, whether the pay rate in the notice is lawful);

## STATEMENT OF FACTS

25.     Gelin commenced his employment with Defendant in or about January 2018, as a porter in one of Defendant's locations in the Bronx.

26.     Posley commenced his employment with Defendant in or about March 2017, as a porter in one of Defendant's locations in Brooklyn.

27.     In or around October 2018, Posley was transferred from the Brooklyn location to the location in the Bronx, where Gelin was already employed.

28.     At all relevant times, Gelin and Posley were fully qualified for their positions and fulfilled their duties in a satisfactory manner.

29.     Gelin and Posley generally worked 8 hours per day, 5 days per week (Monday through Friday) for a total of 40 hours per week.

30.     Defendant employs well more than the 11 employees required to be considered a "Large Employer" as it pertains to the lawful minimum wage rate in New York City and, as such, was required to pay all of its employees at least the local minimum wage for Large Employers in New York City.

31.     When Posley was initially hired, in or around March 2017, Defendant offered and began paying him $11.50 per hour in wages, which was the lawful minimum wage rate  for Large Employers in New York City during that time period, until December 31, 2017, when the aforementioned minimum wage rate increased to $13.00 per hour.

32.     Defendant did not increase Posley's regular rate of pay to the lawful minimum wage after December 31, 2017, instead continuing to pay him $11.50 per hour.

33.     When Gelin was initially hired, in or soon after January 2018, Defendant offered and began paying him $11.50 per hour in wages, which was $1.50 below the lawful minimum wage rate for Large Employers in New York City during that same time period.

34.     From the beginning of his employment until in or around February 2019, Defendant continued to pay Posley $11.50 per hour, despite the requirement to pay $13.00 per hour from December 31, 2017 through December 31, 2018, and the subsequent requirement to pay $15.00 per hour from January 1, 2019 onwards.

35.     Likewise, Defendant continued to pay Gelin $11.50 per hour until in or around February 2019, despite the requirement to pay $13.00 per hour during the same period of time from December 31, 2017 through December 31, 2018, and the subsequent requirement to pay $15.00 per hour from January 1, 2019 onwards.

36.     Gelin and Posley regularly complained to Defendant about its failure to pay the lawful minimum wage.

37.     In response, Defendant stated that it would ultimately pay Plaintiffs their lawful minimum wages, yet it continued to fail to do so, which cause Plaintiffs to continue to pursue their rights.

38.     On February 26, 2019, Defendant fired Gelin and Posley for their complaints, stating by letter:

> This letter is to inform you that your employment with Home/Life Services, Inc. is terminated effective immediately. On more than one occasion you have been verbally aggressive via phone to members of the Finance Department regarding your retroactive monies. You have been told by your

> supervisors, as well as the Finance Department, that the
> retroactive monies you are owed will be paid to you as soon as
> proper funding to pay them is received from New York City's
> Department of Homesless Services, our funding source.

39.     Although completely misrepresenting the character of Gelin and Posley's complaints,

Defendant's termination letter confirms that Home/Life Services fired Gelin and Posley in retaliation

for their complaints "on more than one occasion," about Defendant's failure to pay Gelin, Posley and

similarly situated FLSA Collective Plaintiffs and Class Members the lawful wages they were due.

40.     Additionally, neither Gelin, Posley nor any Class members received a proper wage

notice at the beginning of their employment nor annually thereafter, as required under the New York

Labor Law.

41.     Therefore, Defendant knowingly and willfully failed to pay Gelin, the FLSA

Collective Plaintiffs and the Class members the proper minimum wage for all hours worked.

42.     Defendant knowingly and willfully operated their business with a policy of not

providing wage and hour notices at the beginning of employment and annually thereafter, to Gelin,

FLSA Collective Plaintiffs and Class members, in violation of New York Labor Law.

43.     Gelin and Posley retained Schwartz Perry & Heller, LLP, to represent them, FLSA

Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a

reasonable fee for its services.

**AS FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS AND ALL
THOSE SIMILARLY SITUATED TO THEM AGAINST DEFENDANTS FOR
VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, *et seq.***

44.     Gelin and Posley repeat, re-allege and incorporate in full paragraphs 1 through 43 of

this Complaint as though fully set forth at length herein.

45.     At all relevant times, upon information and belief, Defendant employed Gelin and

Posley, FLSA Collective Plaintiffs and Class members within the meaning of the federal Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and Gelin, FLSA Collective Plaintiffs and Class

members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

46.     Upon information and belief, at all relevant times Defendant had gross revenues in

excess of $500,000.

47.     At all relevant times, Defendant had a policy of failing to pay the lawful minimum

wage to Gelin, Posley, FLSA Collective Plaintiffs and Class members.

48.     Defendant knew of and/or demonstrated a willful disregard for the obligations of the

FLSA, as evidenced by its failure to compensate Gelin, Posley, FLSA Collective Plaintiffs and Class

members at the statutory minimum wage when Defendant knew or should have known the minimum

wage rate due.

49.     Records, if any, concerning the number of hours worked, and compensation for same,

by Gelin, FLSA Collective Plaintiffs and Class members are in the possession and custody of

Defendant, and Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

50.     Defendant failed to properly disclose or apprise Gelin, Posley, FLSA Collective Plaintiffs and Class members of their rights under the FLSA.

51.     As a direct and proximate result of Defendant's willful disregard of the FLSA, Gelin is entitled to liquidated damages pursuant to the FLSA.

52.     Due to the intentional, willful and unlawful acts of Defendant, Gelin, Posley, FLSA Collective Plaintiffs and Class members suffered damages in an amount not presently ascertainable of unpaid wages, plus an equal amount as liquidated damages.

53.     Plaintiffs, FLSA Collective Plaintiffs and Class members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**AS FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS AND ALL
THOSE SIMILARLY SITUATED TO THEM AGAINST DEFENDANT
FOR VIOLATION OF THE NEW YORK LABOR LAW**

54.     Plaintiffs repeat, re-allege and incorporate in full paragraphs 1 through 43 of this Complaint as though fully set forth at length herein.

55.      At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class members were employed by Defendant within the meaning of New York Labor Law, §§2 and 651.

56.      Defendant willfully violated the rights of Plaintiffs, FLSA Collective Plaintiffs and Class members by failing to pay them wages at the lawful minimum wage.

57.      Defendant knowingly and willfully operated their business with a policy of not providing wage and hour notices at the beginning of employment and annually thereafter, to Plaintiffs, FLSA Collective Plaintiffs and Class members, in violation of New York Labor Law

58.      Due to Defendant's New York Labor Law violations, Plaintiffs, FLSA Collective Plaintiffs and Class members are entitled to recover from Defendant for their unpaid minimum wage compensation, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees and costs, disbursements of the action, pursuant to New York Labor Law §663(1).

**AS FOR A THIRD CAUSE OF ACTION ON
BEHALF OF GELIN AND POSLEY, EACH INDIVIDUALLY, AGAINST
DEFENDANT FOR RETALIATION IN VIOLATION OF 29 U.S.C. §215**

59.      Gelin and Posley repeat, re-allege and incorporates in full paragraphs 1 through 43 of this Complaint as though fully set forth at length herein.

60.     Gelin and Posley's complaints to Defendant about the unpaid minimum wages were protected activities pursuant to 29 U.S.C. §215 of which Defendants were aware.

61.     Defendants terminated Gelin and Posley, the most egregious form of adverse employment action, as a proximate result of those protected activities, as confirmed by the termination letter received by Gelin and Posley from Defendants.

62.     The aforementioned acts of Defendants constitute unlawful retaliation against Davis in violation of 29 U.S.C. §215 (a)(3), which provides, *inter alia* that:

> It shall be unlawful . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act . . .

63.     As a result of Defendants' violations of 29 U.S.C. §215 , Defendants are liable to Gelin and Posley for all the relief provided for in 29 U.S.C. §216 (b), including all lost wages, both prior and prospective, as well as "liquidated damages," "costs" and "reasonable attorney's fees," as provided for under the law.

64.     Here, the acts of Defendant were so egregious and were done so clearly in the face of a perceived risk that its actions would violate Gelin and Posley's protected rights under the law, that, in addition to all the damages inflicted upon Gelin and Posley and in addition to all the measure of relief to which Gelin and Posley may properly be entitled herein, Defendant should also be required to pay punitive damages as punishment for its discriminatory conduct, in order to deter

14

Defendant and others similarly situated from engaging in such conduct in the future.

**WHEREFORE**, Plaintiffs Roody Gelin and Nevada Posley, FLSA Collective Plaintiffs and Class members, respectfully request judgment against Defendant Home/Life Services, Inc., as follows:

a.      An award of compensatory damages equal to all unpaid minimum wages pursuant to the FLSA and NYLL;

b.       An award of liquidated damages or punitive damages pursuant to the FLSA and/or the NYLL, including but not limited to NYLL §663(1) for willful violations of NYLL;

c.      An award of attorney's fees and costs pursuant to FLSA 29 U.S.C. §216, and NYLL §§198 and 663(4);

d.      An aware of statutory penalties, including but not limited to those associated with Defendant's failure to provide statutory notice of wage and hours at the beginning of employment and annually thereafter;

d.      An award of pre- and post-judgment interest as provided by law,

e.      An award of the costs of this action together with reasonable attorneys' fees and expert fees;

f.      On behalf of Gelin and Posley, each individually, an award of compensatory damages, plus liquidated damages or punitive damages and attorney's fees and costs pursuant to FLSA, 29 U.S.C. §216, for violations of FLSA, 29 U.S.C. §215; and

g.      For such other and further relief as this Court deems just and proper.

**SCHWARTZ PERRY & HELLER, LLP**
*Attorneys for Plaintiffs*

By:_____
     BRIAN HELLER
     DANIEL H. KOVEL
     3 Park Avenue, 27th Fl.
     New York, New York 10016
     (212) 889-6565