# SCHWARTZ PERRY HELLER LLP

3 PARK AVENUE, 27TH FL. NEW YORK, NY 10016
T: 212.889.6565 | F: 212.779.8208 | SPHLEGAL.COM

_____

November 7, 2019

**Via ECF**

Magistrate Judge Robert W. Lehrburger
United States Courthouse
500 Pearl Street, Room 18D
New York, NY 10007

      Re:    **Gelin, Posley, et al. v. Home/Life Services, Inc.**
               **19-cv-03066-ALC-RWL**

Dear Judge Lehrburger:

      This firm represents Named Plaintiffs Roody Gelin and Nevada Posley ("Named Plaintiffs") in the above-referenced matter. We submit this letter motion with the consent of Defendant for approval of the parties' settlement agreement in this matter that involves claims under the Fair Labor Standards Act ("FLSA"). The parties submit this proposed Agreement pursuant to the Order of Reference by Judge Andrew L. Carter, Jr., which referred this matter to Your Honor for General Pretrial, which includes "settlement."

      Specifically, Named Plaintiffs bring claims against their former employer, Home/Life Services, Inc. ("Home/Life"). In the Complaint, Named Plaintiffs allege violations of the minimum wage provisions of the FLSA. In addition, in the Complaint Plaintiffs allege violations and retaliation pursuant to the New York Labor Law ("NYLL").

      Following the institution of this action, the parties participated in a mediation pursuant to the Court's Mediation Program. At that mediation, the parties reached an agreement in full resolution of Named Plaintiff's claims under the FLSA and NYLL, with prejudice. The fully-executed settlement agreement is attached as **Exhibit 1**. The parties believe that the settlement is fair and reasonable and should be approved, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

**Reasonableness of the Settlement Agreement and**
**Apportionment of Costs and Attorneys' Fees**

      "Courts generally recognize a 'strong presumption in favor of finding a settlement fair'" in FLSA cases such as this one, as "they are 'not in as good a position as the parties to determine the reasonableness of an FLSA settlement.'" *Howard v. Don Coleman Advertising Inc.*, 16-CV-6050 (JLC), 2017 WL 773695, at *1 (S.D.N.Y. Feb. 28, 2017) (quoting *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015). In evaluating the fairness and reasonableness of an FLSA settlement, the courts in this district look at the "totality of the circumstances," including but not limited to the plaintiff's range of possible

SCHWARTZ PERRY & HELLER LLP

recovery; the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel; and the possibility of fraud or collusion. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp.2d 332, 335-336 (S.D.N.Y. 2012).

Based on Gelin and Posley's recollection of their hours and compensation as alleged in the Complaint and later modified during the mediation to reflect addition payments that they received, they contend they should have received an additional approximately $3,270 in unpaid overtime compensation under the FLSA and under the NYLL between 2018 and early 2019 *i.e.* the potential liability period. Defendant maintains that if Named Plaintiffs were owed any overtime compensation or compensation for violations of other provisions of the NYLL, it would amount to far less than what they allege. If Named Plaintiffs prevailed at trial, they estimate that each of their maximum recovery would be approximately $3,270 in unpaid/underpaid minimum wages and overtime, plus an additional $3,270 in liquidated damages, for a total of approximately $6,540, plus attorney's fees, interest and costs.

The settlement allows the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses in litigation. In particular, Named Plaintiffs would face litigation risks with respect to their testimony of the hours they worked, as compared to the recollections of others who managed their work with Defendant. By settling at this stage of litigation, Plaintiffs' recollections have not been subject to deposition or document discovery and have been taken at face value without variation, only for the purposes of this settlement. The settlement agreement is the product of arm's-length bargaining between experienced counsel and is fair and reasonable.

The total amount of the settlement for each Named Plaintiff is $5,000.00. In Named Plaintiffs' estimation, this sum represents recovery of allegedly unpaid back wages that Named Plaintiff believes they would have received had they prevailed in this litigation. Under the terms of the agreement, Named Plaintiffs will receive the entire amount (which includes their attorney's fees) within ten days of approval of the agreement by the Court.

For purposes of this application, Plaintiff's counsel seeks a fee of 33⅓%, which is a contingent fee that has typically been approved in this district. Plaintiff's counsel does not seek reimbursement of the disbursements it expended in prosecuting this matter. Accordingly, Schwartz Perry & Heller LLP seeks a legal fee of $3,334.00.

Named Plaintiffs' counsel submits that the requested fees are reasonable. Attorneys' fees of 33⅓% of gross recovery have been approved for this firm in FLSA matters in this District. *See*, *e.g., Redzepagic v. Hammer*, 14-CV-9808-ER-GWG, 2017 WL 1951865 (S.D.N.Y. May 8, 2017); *Corea v. Phoenix Signs 79 Inc.*, 15-CV-04686-RLE (R. Ellis, 2016); *Grande v. 935 8th Avenue Bakery Corp. et al.*, 13-CV-09241 (P. Castel, 2015); *Hernandez et al v. 15 West 47 St.*

2

# SCHWARTZ PERRY & HELLER LLP

*LLC et al.*, 15-CV-00223 (K. Forrest, 2015); *Armenta et al v. Dirty Bird Group LLC.*, 13-CV-04603 (W. Pauley, 2014) (where the 33⅓% contingency fee proposed was in excess of the loadstar); *Camacho et al v. 48 Rockefeller Corp et al,* 14-CV-09394 (P. Castel, 2015); *Reyes et al v. Magic Touch Construction Corp. et al*, 14-CV-03759 (J. Oetken, 2015). Similarly, attorneys' fees of 33⅓% of gross recovery have been approved for this firm in FLSA matters in the Eastern District of New York. *See*, *e.g., Aguilar v. Mangal Kebab*, 16-CV-5748-RLM (R. Mann, 2017); *Gacevic v. 1485 East Sixteenth Owners Corp.*, 1:16-cv-03696-VMS (V. Scanlon, 2017); *Tankamash v. Corato I Pizza & Restaurant Corp.* et al., 1:15-cv-06093-RML (R. Levy, 2017); *Diaz et al v. Waverly Meat & Grocery Inc. et al* (M. Go, 2015) (finding a one-third contingency fee appropriate for Eisner & Associates even where the contingency amount was "somewhat higher" than the loadstar amount); *see also Lecon v. Bayfruit Corp.* et al., 1:16-cv-00877-RML (R. Levy, 2016) (approving 33 ⅓% of *net* recovery).

  A reasonable estimation of Plaintiffs' counsel's lodestar calculation is currently over $10,000, which represents the 5 hours that I worked on the file and the 16 hours that my associate Daniel H. Kovel worked on the file. As such, we believe that the contingency fee in this case is fair and reasonable. The undersigned attorney billed at $685.00 per hour and Mr. Kovel billed at $450.00 per hour. I am a Partner of Schwartz Perry & Heller, LLP, where I only practice employment litigation, almost exclusively on behalf of plaintiffs. At Schwartz Perry & Heller, I have served as the attorney of record for lawsuits filed in the Southern District of New York and the Eastern District of New York, including with wage and hour components.

  The Parties also resolved all other claims, which is memorialized in a separate agreement. Unlike the instant agreement, the Parties' agreement regarding these claims does not require judicial approval. See Chowdhury v. Brioni Am., Inc., 2017 WL 5953171, at *5 (S.D.N.Y. Nov. 29, 2017) (noting that "Judges in this District routinely approve 'bifurcated settlement agreement[s], in which the parties submit their FLSA agreement for court review and approval…but enter into a separate [agreement]' that addresses the non-FLSA claims, which does not require judicial [sic] and may contain provisions that would be impermissible under Cheeks.") (quoting Ortiz v. Breadroll, LLC, 2017 WL 2079787 at *2 (S.D.N.Y. May 15, 2017). Accordingly, the separate agreement resolving Plaintiffs' retaliation claims also contains a confidentiality provision. See Santos v. Yellowstone Properties, Inc., 2016 WL 2757427, at *5 (S.D.N.Y. May 10, 2016) (approving an FLSA settlement where the court noted that plaintiffs had resolved their discrimination claims by a separate "private agreement contain[ing] a general release and confidentiality provision" where plaintiffs represented that the separate agreement did "not contain any type of clause that would prevent [plaintiff] from discussing the settlement of his FLSA and NYLL claims."); see also Yunda v. Safi-G, Inc., 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017) (allowing for confidentiality provisions in a separate agreement settling plaintiff's non-FLSA claims.).

3

# SCHWARTZ PERRY & HELLER LLP

      Defendant is represented by Cara A. O'Sullivan, Senior Litigation Counsel of employment defense law firm Kaufman Borgeest & Ryan LLP, who has extensive experience in defense of employment claims.

      For the foregoing reasons, the parties jointly submit that the enclosed Agreement is fair and reasonable, and we respectfully request that the Court approve the Agreement. Thank you for your consideration in this matter.

                                              Respectfully submitted,

                                              BRIAN HELLER

cc:    Cara A. O'Sullivan, Esq.