UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

ROODY GELIN and NEVADA POSLEY, each on behalf       Civil Action No.:
of himself, FLSA Collective Plaintiffs, and the Class,       19-CV-03066

                    Plaintiffs,

                      -against-

HOME/LIFE SERVICES, INC.,

                    Defendant.

------------------------------------------------------------------ X

## SETTLEMENT AGREEMENT AND RELEASE

Plaintiffs Roody Gelin and Nevada Posley on behalf of themselves and all of their heirs, executors, administrators, attorneys, and assigns (hereinafter, "Plaintiffs"); and Defendant Home/Life Services, Inc. on its own behalf, on behalf of its present and former directors, officers, partners, shareholders, members, representatives, agents, attorneys, owners, and insurers, and on behalf of all of its parent entities (including but not limited to any grandparent entities, great grandparent entities, and so on), subsidiaries, affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys (collectively "Defendant" or "Releasee") and with Plaintiffs, (the "Parties"), hereby agree upon this Settlement Agreement and Release ("Agreement") as a resolution of all issues involved herein as follows:

1. **Preliminary Matters**. Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, Schwartz Perry & Heller, LLP (hereinafter "Plaintiffs' Counsel"), and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement. Plaintiffs have had the opportunity to consider counsel's advice with respect to the foregoing Agreement. Plaintiffs enter into this Agreement voluntarily and with a full understanding of its terms.

2. **No Admission of Liability**. The Parties recognize and agree that Defendant does not admit, and expressly denies, any violation of law or any liability to Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the Complaint styled *Roody Gelin and Nevada Posly, et al. v. Home/Life Services, Inc.*, 19-cv-03066 (ALC) filed in the United States District Court for the Southern District of New York (the "Pending Action"), or which could have been raised in such suit, or which otherwise involves Plaintiffs' employment relationship with Defendant and the separation or termination of Plaintiffs' employment relationship with Defendants.

3. **Dismissal of Pending Action**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiffs acknowledge, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action and the collective action and class claims therein, to be submitted to the Court with a motion to approve the Agreement; (2) not to re-file the causes of action asserted in the Pending Action or any other wage and hour causes of action against Defendant upon payment of all settlement monies in Section 7; and (3) not to institute any action against Defendant in any court or other forum based

5995129

on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement upon payment of all settlement monies in Section 7. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or a full release of Plaintiffs' claims as specified herein. The Parties understand that this Agreement specifically does not settle, pertain to, or regard any claims that may be had by members of the alleged FLSA Collective Plaintiffs and/or the alleged Class other than Plaintiffs.

4. **Consideration**.

   A. Defendants agree to pay Plaintiffs and their attorneys the total sum of Ten Thousand Dollars ($10,000), pursuant to the terms set forth in Section 7 below (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below.

   B. The Parties acknowledge and agree that the Settlement Payment includes but is not limited to attorneys' fees, costs, penalties, interest, back wages, and liquidated damages.

5. **Release of wage and hour claims by Plaintiffs.** In consideration of the promises, payments and actions of Defendant set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiffs, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge Defendant, Defendant's subsidiaries (including but not limited to any grandchild entities, great grandchild entities, and so on), parents (including but not limited to any grandparent entities, great grandparent entities, and so on), successors, assigns, heirs, executors, trustees, administrators, and attorneys, from all actions, causes of action, suits, obligations, claims and demands, at law or in equity, known or unknown, discovered or undiscovered, which they had, now have or hereafter can, shall or may have against Releasees, for unpaid wages from the beginning of the world through the effective date of this Agreement, including : (i) claims under federal, state or local laws, statutes, constitutions, regulations, rules, ordinances or orders, including, claims under the New York Labor Law, the Wage Theft Prevention Act, the New York Hospitality Wage Order, New York Order for Miscellaneous Industries and Occupations, the New York Restaurant Wage Order, and the Fair Labor Standards Act, and (ii) claims for minimum wages, overtime, commissions, and/or unpaid wages, compensation, and/or other remuneration, whether based on common law or otherwise, which specifically includes all claims for unpaid overtime, improper deductions, travel time, spread of hours pay, bonuses, penalties, expense reimbursements during Plaintiffs' employment with any of the Releasees, and/or any related penalties, damages, liquidated damages and attorneys' fees under federal, state and/or local law. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendant and it does not release or discharge any claims that may occur after that date. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiffs and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and New York Labor Law concerning any unpaid wages.

6. **Plaintiffs' Responsibility for Taxes**. Plaintiffs assume full responsibility for the Settlement Payment of any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiff and/or Plaintiff's Counsel pursuant to this Agreement.  Defendant shall issue Plaintiffs W-2 Forms and Plaintiffs' Counsel 1099 Forms for the payments set forth in Section 7 for the 2019 tax year or whatever tax

year the Settlement Payment is actually made. Plaintiffs' Counsel shall issue fully executed W-9 Forms to Defendant's counsel prior to payment and as a condition of payment.

7. **Payment**.

   A.  In consideration of the promises of Plaintiff set forth herein, Defendants shall issue the Settlement Payment set forth in Section 4 as a full and complete settlement and in final satisfaction of any and all claims pertaining to Plaintiffs' employment with Defendants, forming subject matter of the Pending Action, that Plaintiff has or may have against Defendants, through the date Plaintiff executes this Agreement, as well as any claim for attorneys' fees and costs within ten (10) business days of approval of this Agreement.

   B.  The Settlement Payment shall be paid as follows:

   a. One (1) check in the amount of Three Thousand Three Hundred Thirty Four ($3,334.00) minus applicable withholdings, payable to "Roody Gelin";

   b. One (1) check in the amount of Three Thousand Three Hundred Thirty Four ($3,334.00) minus applicable withholdings, payable to "Nevada Posley"; and

   c. One (1) check in the amount of Three Thousand Three Hundred Thirty Four ($3,334.00) without withholdings, payable to "Schwartz Perry & Heller, LLP".

   C.  Plaintiffs' Counsel shall execute and deliver by email to counsel for Defendant a valid IRS Form W-9 simultaneously with the execution of this Agreement. All settlement payments shall be payable via checks to and delivered to: Schwartz Perry & Heller, LLP, 3 Park Avenue, 27th Floor, New York, New York 10016.

8. **Governing Law.**  The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws. Venue and jurisdiction for any dispute between the parties shall lie in the United States District Court for the Southern District of New York. However, if the District Court should refuse or decline to accept jurisdiction over the settlement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York. Plaintiff acknowledges that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement.

9. **Liability in case of breach**. In the event that a Party believes that the other Party has failed to comply with any term of this Settlement Agreement, that Party shall provide written notice to counsel for the other Party detailing the claimed violation(s) or breach(es). Within seven (7) days of receipt of that notice, the Parties will engage in good faith discussions to resolve the issue. Thereafter, if the Parties disagree on the matters set forth in the notice, they will settle the dispute by seeking appropriate legal and/or injunctive relief and the prevailing party will be entitled to an award of its reasonable attorneys' fees and costs.

10. **Status of Settlement If Case Is Not Ultimately Dismissed**. In the event the Court does not dismiss the Pending Action as contemplated by this Agreement, this Agreement

shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

11. **Important Acknowledgments**. It is further understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys. The Parties acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.

12. **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement as well as the separate settlement agreement entered into between the parties pertaining to the retaliation alleged in the Pending Action (the "Retaliation Agreement")This Agreement supersedes and replaces all prior negotiations and all agreements, except the Retaliation Agreement, proposed or otherwise, written or oral, concerning the subject matter hereof. This is an integrated document. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

13. **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

14. **No Waiver**. Failure by any party to enforce or seek to remedy any breach under this Agreement shall not be construed as a waiver of such rights nor shall a waiver by either party of default be construed as constituting a continuing waiver or as a waiver of any other breach.

15. **Execution in Counterparts and Facsimile Signatures**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

16. **Knowing and Voluntary Release of Wage and Hour Claims.** Plaintiffs acknowledge that:

    A.    Plaintiffs have carefully read this Settlement Agreement and fully understands its meaning;

    B.    Defendant hereby advise Plaintiffs in writing that Plaintiffs should consult with an attorney before signing the Settlement Agreement, and Plaintiffs acknowledge that they have in fact consulted with an attorney regarding this Agreement, or that they have waived this right.

5995129

    C.  Plaintiffs are signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

    D.  Everything Plaintiffs are receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiffs to sign it.

  17. **Severability.** Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by another competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the parties hereto have executed, or caused their duly authorized officer, to execute this Agreement.

**PLAINTIFFS:**

**Roody Gelin**
Date: _____, 2019

**Nevada Posley**
Date: __Oct. 25,__ 2019

**DEFENDANT:**

**Home/Life Services, Inc.**
By: _____
_____, Authorized Officer
Date: __11/4/2019__, 2019

5995129